# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN DOUGLAS MCGEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19CV1205 HEA |
| | ) | |
| DENISE HACKER, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Kevin Douglas McGee's response to the June 14, 2019 Order for Petitioner to Show Cause, directing him to show cause why his petition should not be dismissed. Having reviewed and considered petitioner's response, this Court has determined to dismiss the petition without further proceedings.

### Background

At present, petitioner receives treatment at the Southeast Missouri Mental Health Center in Farmington, Missouri. On May 7, 2019, he filed the instant petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He stated he intended to challenge a state court judgment entered on June 8, 1988 after he entered a plea of not guilty by reason of insanity in the Circuit Court of Cape Girardeau County, Missouri. However, at one point in the petition, petitioner stated he "failed at a conditional hearing." (ECF No. 1 at 2).

Upon review, the Court determined that the petition was subject to dismissal, and entered an order on June 14, 2019 directing petitioner to show cause why it should not be dismissed. In that Order, the Court instructed plaintiff that, to the extent he sought to challenge the June 8, 1988 state court judgment, he must show cause why the petition should not be dismissed as

untimely. The Court also instructed petitioner that, to the extent he intended to seek conditional or unconditional release, he must show cause why his petition should not be dismissed due to his failure to exhaust his available state court remedies.

On June 21, 2019, petitioner filed additional petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254, stating he wished to challenge the June 8, 1988 judgment and setting forth grounds for relief, including "Racketeering Defrauding the Federal Gov't," "Entrapment Accosted 12/27/1987," and "Plagarism/Dichotomy/Axiomatic." (ECF No. 8). He also stated he was "attempting to apply" for unconditional release. *Id.* However, he offered nothing tending to show that his petition was timely or that he had exhausted his available state remedies. On July 1, 2019, petitioner filed a letter with the Court. Therein, he advised he was seeking a pardon from the Governor of the State of Missouri. He stated he had learned his lesson, and wanted to leave Missouri and live with his family in Florida.

**Discussion**

Petitioner filed the petition more than two decades after the expiration of the one-year grace period for challenging state court judgments entered before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999) (when the challenged state court judgment became final before the AEDPA was enacted, a petitioner is entitled to a one-year grace period, ending on April 24, 1997). Nothing in petitioner's response can be said to demonstrate that the petition is timely, or that petitioner is entitled to equitable tolling. Therefore, to the extent petitioner can be understood to challenge the 1988 state court judgment, the petition is untimely and will be dismissed as such.

Petitioner has also failed to demonstrate that he has exhausted his available state court remedies. Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State." The exhaustion requirement applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009). Therefore, to the extent petitioner can be understood to seek conditional or unconditional release, the petition will be dismissed because petitioner has failed to demonstrate that he exhausted his available state court remedies.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner herein has made no such showing, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Kevin Douglas McGee's petition for writ of habeas corpus is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's Motion to Appoint Counsel (Docket No.

3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 23rd day of July 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE